IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID M. BILLMAN,

      Petitioner,

    v.

WARDEN, CORECTIONAL
RECEPTION CENTER,

      Respondent.

CASE NO. 2:14-CV-01910
JUDGE ALGENON L. MARBLEY
MAGISTRATE JUDGE KEMP

## OPINION AND ORDER

On March 11, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed. (ECF No. 11.) Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. (ECF No. 15.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 15) is **OVERRULED.** The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas corpus is **DENIED.** This action is hereby **DISMISSED.**

This case involves Petitioner's convictions after a jury trial in the Monroe County Court of Common Pleas on two counts of rape involving a victim less than ten years old and seven counts of gross sexual imposition. The trial court sentenced Petitioner to concurrent terms of life without parole and seven consecutive terms of sixty months, and classified Petitioner as a Tier III sex offender. The trial court denied Petitioner's motion for a new trial. On December 16, 2013, the appellate court affirmed the judgment of the trial court. *State v. Billman*, Nos. 12 MO 3, 12 MO 5, 2013 WL 6859096 (Ohio App. 7th Dist. Dec. 16, 2013). Petitioner did not file a timely

appeal.  On April 23, 2014, the Ohio Supreme Court denied Petitioner's motion for a delayed appeal.  *State v. Billman*, 138 Ohio St.3d 1467 (Ohio 2014).  Petitioner asserts that the evidence is constitutionally insufficient to sustain his convictions; that his convictions are against the manifest weight of the evidence; that the charges are duplicative and violate the Double Jeopardy Clause; and that the state courts improperly failed to grant him a new trial or hearing based on the alleged recantation of testimony by alleged victims.  The Magistrate Judge recommended dismissal of these claims as procedurally defaulted and without merit.

Petitioner objects to the Magistrate Judge's *Report and Recommendation*.  Petitioner again asserts that he has established cause for his procedural default in failing to file a timely appeal with the Ohio Supreme Court, arguing that state officials prevented his timely filing by denying him access to necessary legal services and depriving him of access to the courts.  Petitioner indicates that, on January 12, 2014, he requested notary services and copies for certificate of service, and on January 17, 2014, he filed a grievance; however, he was unable to obtain legal services until January 30, 3014, the date that his appeal was due.  *See Affidavit of David Billman* (ECF No. 15, PageID# 1175.)  Petitioner further indicates that, on February 11, 2014, he mailed his motion for a delayed appeal to the Ohio Supreme Court.  In a letter dated February 19, 2014, the Deputy Clerk of the Ohio Supreme Court returned his documents, indicating that his motion for delayed appeal had not been filed, because he failed to submit a notice of appeal. On March 11, 2014, Petitioner filed the motion for delayed appeal.  (ECF No. 8-1, PageID# 458.)  Petitioner argues that his case is distinguishable from other cases wherein federal courts have rejected similar claims of cause for an untimely appeal to the Ohio Supreme Court, because he raises an issue regarding lack of access to legal services, *i.e.*, a notary, copies for certificate of service, and help filling out required papers, and not merely the inability to

conduct legal research.  Petitioner further argues that he preserved his claim regarding the insufficiency of the indictment by filing a *Motion for More Specific Bill of Particulars*.  (ECF No. 15, PageID# 1173.)  He asserts that the State's failure to establish venue denied him equal protection and due process.  He contends that the state appellate court's decision concluding that the prosecutor established venue and that the evidence therefore was constitutionally sufficient to sustain his conviction, constituted an unreasonable determination of the facts in light of the evidence presented.

Petitioner's *Objection* is not well taken.  For the reasons addressed by the Magistrate Judge, this Court likewise is not persuaded that Petitioner has established cause for his procedural default in failing to file a timely appeal to the Ohio Supreme Court.  Despite his arguments to the contrary, the record does not support his claim that prison officials prevented him from filing a timely appeal.  Moreover, Petitioner indicates that he obtained all of the needed legal services to file his appeal on January 30, 2014 – the date that it was due – however, he did not actually file the motion for delayed appeal until March 11, 2014.  Further, Petitioner's claim that the State failed to establish venue and that the evidence is constitutionally insufficient to sustain his convictions lacks merit.

> It was the status of Appellant and his wife as foster parents with Monroe County Children Services that brought them in contact with Child X and Child Y initially, and it was this status that delayed the agency's response when the abuse was reported. Testimony established that the two minor children, both under the age of ten at all points prior to trial, remained with Appellant and his wife continuously from their placement in the home at 31143 Liberty Ridge Rd., Wingett Run, Ohio, 45789, in February of 2005 until the time of trial. Testimony was offered that the home is located at the bottom of the county. (Tr. Vol.II, p. 36.) Appellant's son testified that he lives with his mother and siblings, including Child X and Child Y, in Monroe County. (Tr. Vol .II, p. 75.) The children testified that they attend Monroe County public schools when they are not at home or home schooled, and that all of the

> incidents of abuse occurred in rooms within the family home. Nothing in the record indicates that the family moved out of the county, or that the minor children left the county with Appellant, or on their own, at any point during the period covered by the indictment. Child X, Child Y, Appellant's wife and Appellant's son do not refer to any location other than the Liberty Ridge house as the girls' home. Appellant's wife called the Monroe County Sheriff's Department to report the crimes and Appellant later turned himself in to that same department. Appellant was indicted by the Monroe County Grand Jury and the charging document identified Monroe County as the location of the crimes. The charges submitted to the jury included the location as an element of the crime. The trial court instructed the jury that one of the elements they must find beyond a reasonable doubt was that the crimes occurred in Monroe County.
>
> The jury heard Appellant's arguments on this issue as part of defense counsel's closing. When this record is evaluated as a whole there is sufficient evidence in the record which, if believed, would establish that the crimes took place in Monroe County beyond a reasonable doubt. Appellant's contention that we should conclude that Child X and Child Y were describing crimes that took place in another location, despite direct testimony by other witnesses placing the family home in Monroe County, and the testimony in the record that Appellant abused X and Y in the family home, is unreasonable. The facts and circumstances in this case support the jury's conclusion that the crimes occurred in Monroe County and venue is proper. *Headly, supra*. To the extent that Appellant contests venue, his arguments are without merit and are overruled.

*State v. Billman*, 2013 WL 6859096, at \*4-5. These facts are presumed to be correct, and Petitioner has failed to meet his burden of rebutting that presumption. 28 U.S.C. § 2254(e).

Further, as noted by the state appellate court,

> The testimony of Appellant's child victims, alone, was sufficient to establish the elements of the crimes that were included in each count submitted to the jury for a verdict. That testimony was corroborated by Appellant's statements. Although Appellant's wife and son did their best to cast doubt on their initial statements to police and the credibility of Child X and Child Y, ultimately the jury found them believable. Appellant's attempts to suggest that the two children invented stories of the abuse were not persuasive. The trier of fact had ample evidence that, if believed, supported each of Appellant's convictions.

4

*Id*. at *6.  Petitioner has failed to establish that the state appellate court's decision contravened or unreasonably applied *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)(in considering a claim of insufficiency of the evidence, the Court must view all of the evidence in the light most favorable to the prosecution), or based its decision on an unreasonable determination of the facts in light of the evidence presented.   28 U.S.C. § 2254(d).   In habeas corpus proceedings, a claim of insufficiency of the evidence is granted a doubly deferential standard of review:

> [E]ven though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).  Finally, this Court is not persuaded that Petitioner preserved for review his claim regarding sufficiency of the indictment by filing a *Motion for More Specific Bill of Particulars*.  As discussed by the state appellate court:

> Under Crim.R. 12(C)(2) any objection or defense based on defects in the indictment, apart from a failure to show jurisdiction in the court or to charge an offense, must be raised prior to trial:
>
>> Pretrial motions. Prior to trial, any party may raise by motion any defense, objection, evidentiary issue, or request that is capable of determination without the trial of the general issue. The following must be raised before trial:
>>
>> * * *
>>
>> (2) Defenses and objections based on defects in the indictment, information, or complaint (other than failure to show jurisdiction in the court or to charge an offense, which objections shall be noticed by the

5

> court at any time during the pendency of the proceedings).
>
> Crim.R. 12(C)(2). A failure to raise a defense or objection identifying a defect in the indictment prior to trial "shall constitute waiver of the defenses or objections." Crim.R. 12(H). A reviewing court need not consider an error that was not called to the attention of the trial court at a time when the error could have been avoided or corrected. *State v. Joseph*, 73 Ohio St.3d 450, 455, 653 N.E.2d 285 (1995).
>
> Since Appellant failed to timely raise this objection in the trial court, our review is limited to determining whether the information in the indictment is so deficient as to constitute plain error. *State v. Horner,* 126 Ohio St.3d 466, 473, 2010–Ohio–3830, paragraph three of the syllabus; *State v. Frazier*, 73 Ohio St.3d 323, 332, 652 N.E.2d 1000 (1995); *State v. Skatzes*, 104 Ohio St.3d 195, 2004–Ohio–6391, 819 N.E.2d 215.

*State v. Billman,* 2013 WL 6859096, at *7-8. Therefore, Petitioner waived this claim by failing to object. As a result, the state appellate court reviewed the claim for plain error only. *See Biros v. Bagley*, 422 F.3d 379 (6th Cir. 2005).

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recomnmendation*, Petitioner's *Objection* (ECF No. 15) is **OVERRULED.** The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED.** The petition for a writ of habeas corpus is **DENIED** and this action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

 sAlgenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

**DATED: June 17, 2016**