IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID M. BILLMAN,

        CASE NO. 2:14-CV-01910
   Petitioner,        JUDGE ALGENON L. MARBLEY
        MAGISTRATE JUDGE KEMP

   v.

WARDEN, CORRECTIONAL
RECEPTION CENTER,

   Respondent.

## OPINION AND ORDER

On June 17, 2016, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 16.) This matter is before the Court on Petitioner's July 5, 2016, *Notice of Appeal* (ECF No. 18), which the Court construes as a request for a certificate of appealability. For the reasons that follow, Petitioner's request for a certificate of appealability (ECF No. 18), is **DENIED**.

Petitioner challenges his convictions in the Monroe County Court of Common Pleas on two counts of rape involving a victim less than ten years old and seven counts of gross sexual imposition. He asserts that the evidence is constitutionally insufficient to sustain his convictions; that his convictions are against the manifest weight of the evidence; that the charges are duplicative and violate the Double Jeopardy Clause; and that the state courts improperly failed to grant him a new trial or hearing based on the alleged recantation of testimony by the alleged victims. This Court dismissed Petitioner's claims as procedurally defaulted and without merit.

"In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, -- U.S. --. --, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. §

2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.)  The petitioner must establish the substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).   This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*.  Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Here, Petitioner committed a procedural default by failing to file a timely appeal to the Ohio Supreme Court.  As cause for this procedural default, Petitioner asserts that state officials prevented him from timely filing the appeal by denying him access to legal services; however, the record does not support such allegation.  Moreover, according to Petitioner, he obtained all legal services required to file the appeal on January 30, 2014 – the date that it was due – but

2

waited until March 11, 2014, to file the appeal.  Further, even assuming, *arguendo*, that Petitioner could establish cause for failing to file a timely appeal with the Ohio Supreme Court, the record nonetheless fails to reflect that he can establish prejudice.

He waived his claim regarding the indictment by failing to timely object.  His claim that his convictions are against the manifest weight of the evidence fails to present an issue appropriate for federal habeas corpus relief.  *See Walker v. Engle*, 703 F.2ds 959, 969 (6th Cir. 1983).  The record indicates that the evidence is constitutionally sufficient to sustain his convictions under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  Additionally, Petitioner's claim regarding the state appellate court's denial of his motion for a new trial raises an issue regarding the alleged violation of state law, which again, does not provide a basis for federal habeas corpus relief.

In view of the foregoing, this Court is not persuaded that reasonable jurists would debate whether the Court properly dismissed Petitioner's claims as procedurally defaulted or as lacking in merit.  His request for a certificate of appealability (ECF No. 11) therefore is **DENIED**.

**IT IS SO ORDERED**.

   /s/  ALGENON L. MARBLEY  
ALGENON L. MARBLEY  
United States District Judge